# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1977

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Dwayne Anthony Etheridge, | * | of Minnesota. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted:  October 23, 1998

Filed:  November 17, 1998

_____

Before RICHARD S. ARNOLD, WOLLMAN, and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.

_____

PER CURIAM.

Dwayne Etheridge appeals from his conviction on various charges involving
cocaine.  See 21 U.S.C. § 841(a)(1), § 841(b)(1)(B)(ii)(II), § 846.  He asserts that the
trial court erred in failing to suppress evidence, in not ensuring that he had had a proper
opportunity to review his presentence report, and in assessing a two-level enhancement
of his sentence pursuant to U.S.S.G. § 3B1.1(c).  He also maintains that the evidence

produced at trial was insufficient to support his conviction. We reject these arguments and affirm the judgment of the trial court[1] in all respects.

Mr. Etheridge argues that the warrant that authorized the search of his residence should not have issued because the evidence produced in support of the application for it was insufficient for a finding of probable cause. He maintains that much of that evidence was stale and that the evidence did not in any case establish a likelihood that evidence of criminal activity would be found in his residence. We disagree. The affidavit submitted in support of the warrant application, even if the allegedly stale information is omitted, contains allegations more than sufficient to sustain the warrant's issuance. It states, among other things, that an officer overheard Mr. Etheridge inquiring about the whereabouts of a package of his that the officer knew contained cocaine, and that an accomplice of Mr. Etheridge identified him as the person who had asked her to receive the package. These facts are themselves enough to make it probable that Mr. Etheridge was engaged in illicit drug trafficking. Since it is well known that drug traffickers routinely keep packaging equipment, ledgers, and other incriminating items in their living quarters, the affidavit provided sufficient reason to believe that Mr. Etheridge's residence would contain evidence of criminal activity. See United States v. Hulett, 22 F.3d 779, 781 (8th Cir.), cert. denied, 513 U.S. 882 (1994). There is no error here.

Nor did the trial court err in assessing a two-level enhancement against Mr. Etheridge because he was an organizer of a criminal activity under U.S.S.G. § 3B1.1(c). The evidence that was produced at trial tended to show that Mr. Etheridge recruited people to mail drugs to other people whom he had recruited to receive them and that he instructed his accomplices on how and where to deliver the drugs. These

---

[1]The Honorable Paul A. Magnuson, Chief United States District Judge for the District of Minnesota.

facts clearly mark Mr. Etheridge as an organizer. <u>See</u>, <u>e.g.</u>, <u>United States v. Horne</u>, 4 F.3d 579, 590 (8th Cir. 1993), <u>cert.</u> <u>denied</u>, 510 U.S. 1138 (1994).

Mr. Etheridge complains that the trial court did not ensure at the sentencing hearing that he and his counsel had had a proper opportunity to read and discuss the presentence report, as Fed. R. Crim. P. 32(c)(3)(A) requires. But Mr. Etheridge does not indicate how that failure prejudiced him. Indeed, he does not even allege that he did not in fact discuss the presentence report with his counsel. In these circumstances, we can find no error.

Finally, we have reviewed the trial record in response to Mr. Etheridge's assertion that the evidence was not sufficient to support his conviction. That record, in fact, is replete with evidence that he was guilty of the charges against him.

For the reasons indicated, we affirm the trial court's judgment in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.